[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12899
Non-Argument Calendar

_____

D. C. Docket No. 07-14075-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVE BROWN,
a.k.a. Michael Frisby,
a.k.a. Daniel Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 18, 2008)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Dave Brown appeals as unreasonable the district court's imposition of his 96-month sentence following his guilty plea to illegal reentry into the United States following deportation after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a).

Brown argues that the sentence imposed by the district court was unreasonable because there were no aggravating circumstances surrounding the instant charge, and he attempted to cooperate with the government in its apprehension and prosecution of the man who smuggled him into the United States. Brown maintains that the statement he gave to Immigration and Customs Enforcement (ICE) led to the apprehension of the smuggler (a claim the government disputes). He further states that he would have been available to testify for the government if the smuggler had not pled guilty to the charges against him, though he acknowledges that he was unsuccessful in reaching a cooperation agreement with the prosecutor due to concerns about his criminal background. He states that the district court should have given him credit for this offer of assistance.

In addition, he argues that the district court relied only on his criminal history to set the sentence. He asserts that his criminal history had already increased both his base offense level and his criminal history category, and it

further counted against him when the government would not give him any cooperation credit because of his record. He believes the district court penalized him for his criminal history a fourth time by relying on it in deciding to sentence Brown at the top of the guidelines range. He also believes that a sentence at the low end of the range would have been more than sufficient, but not greater, than necessary to punish and deter him.

After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), sentencing is a two-step process that requires the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," then to consider the factors in 18 U.S.C. § 3553(a) and determine a reasonable sentence. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution

3

to the victims. *Id.*, citing 18 U.S.C. § 3553(a). The sentence must be no greater than necessary to punish, deter, protect the public, and provide the training and care outlined in the statute. *See* 18 U.S.C. § 3553(a); *Talley*, 431 F.3d at 788.

We then review the sentence for reasonableness in a two-step process. First, we must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

*Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). Review of a sentence for reasonableness is deferential. *Id.* at ___, 128 S. Ct. at 598. We will reverse a sentence under this deferential abuse-of-discretion standard only if "the district court has made a clear error of judgment." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*)). Furthermore, although we do not apply a presumption of reasonableness to a within-guidelines sentence, we

"ordinarily . . . would expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 788. The appellant bears the burden of establishing that the sentence is unreasonable. *Id.* at 788.

We have previously noted that unjustified reliance on a single factor, reliance on impermissible factors, or failure to consider pertinent factors can be "symptoms" of unreasonable sentences. *Pugh*, 515 F.3d at 1191-92. On the other hand, the Supreme Court made clear in *Gall* that a district court does not abuse its discretion when it merely attaches "great weight" to a single (permissible) factor or set of factors. *Gall*, 552 U.S., 128 S. Ct. at 600-02.

Here, the record demonstrates that Brown has failed to establish that the district court abused its discretion and imposed an unreasonable sentence. The transcript of the sentencing hearing indicates that the district court's deliberation is of the type described in *Gall*. The court considered all of the information in the PSI, including the convictions that contributed to Brown's criminal history category and the other elements of Brown's criminal record that were not included in the guidelines calculation. The court also took into consideration that Brown had provided information and tried to cooperate with law enforcement authorities. The district court's conclusion that Brown's criminal background and "scofflaw tendencies" merited a high sentence was reasonable and evidences no abuse of

discretion.

For the foregoing reasons, we affirm Brown's sentence.

**AFFIRMED.**